JOURNAL ENTRY and OPINION
 I. {¶ 1} Defendant-appellant American Guarantee Liability Insurance Company ("American Guarantee") appeals the trial court's order that, in relevant part, granted the appellees' motion for summary judgment. The appellees, Delores Tilton, et al., sought recovery after Tilton's daughter ("decedent") was killed in an automobile accident. The trial court overruled American Guarantee's request for a declaration that the decedent was not entitled to coverage under the insurance policy at issue. We reverse the trial court's order because we hold that the trial court erred by denying American Guarantee's motion for summary judgment.
 II. {¶ 2} This matter began when Delores Tilton brought suit as the administratrix of the estate of the decedent, who was killed while a passenger on personal business in her own car. The appellees seek to recover from the driver, Kianna Cockfield, and from American Guarantee, who held an excess/umbrella insurance policy for the decedent's employer Progressive.
 {¶ 3} American Guarantee concedes that uninsured and underinsured motorist ("UM/UIM") coverage does apply here by operation of law, but argues that decedent is not entitled to UM/UIM coverage because she was not an insured under the policy in the first place. The policy, in relevant part, defines an insured as "your employees" "except with respect to any (i) auto, or (ii) mobile equipment[.]" The appellees counter that the decedent was covered under the policy and rely on the Supreme Court's holding in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, for their argument that, "[b]ecause there was no definition of who was an insured for purposes of underinsured motorists coverage, coverage [should] exist for all of the company's employees." In other words, the appellees argue that the definition of an "insured" in the policy is trumped by the automatic application of UM/UIM coverage, which, they argue, turns all employees into insureds.
 {¶ 4} American Guarantee appeals the trial court's declaration that coverage does exist here and brings the following assignment of error:
 {¶ 5} "The trial court erred by granting summary judgment in favor of Appellees where neither the decedent nor her wrongful death beneficiaries were insureds under the excess policy of insurance issued by Appellant American Guarantee and therefore were not entitled to underinsured motorist benefits."
 III. {¶ 6} "When a trial court disposes of a declaratory judgment action by summary judgment, we review the trial court's resolution of the legal issues de novo." Shimola v. City of Westlake (Sept. 14, 2000), Cuyahoga App. No. 75164. Here, we must decide whether the insurance policy provides coverage for the decedent. Specifically, we must decide whether the decedent is an insured under the policy. For the reasons set forth below, we find that the decedent is not an insured under the policy and therefore is not entitled to coverage under the policy.
 {¶ 7} Because the decedent does not fit within the policy's definition of an "insured," the appellees argue that the application of UM/UIM coverage by operation of law (pursuant to R.C. 3937.18) renders all employees "insureds" under the policy. The appellees, however, misconstrue the Supreme Court's holding in Scott-Pontzer in reaching this conclusion.
 {¶ 8} In Scott-Pontzer, the Supreme Court did not create a class of insureds; the court held that UM/UIM coverage applied to those insured under the contract. Specifically, the court, after first finding Pontzerto be an insured,[1] held that, because there was no written, signed offer and rejection of UM/UIM coverage in the excess liability policy, UM/UIM coverage was included by operation of law. The court then concluded that the policy's scope of employment restriction applied only to excess liability coverage and not to the UM/UIM coverage, since the UM/UIM coverage did not contain such a restriction. The court explained that "any language in the * * * policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage." Scott-Pontzer at 666. (Emphasis sic.)
 {¶ 9} In other words, the court held that the provision in the policy that limited coverage to those insureds acting within the scope of their employment did not apply to the UM/UIM coverage. The UM/UIM coverage therefore applied without restriction to all insureds under the policy. Only the excess liability coverage was restricted to insureds acting within the scope of their employment.
 {¶ 10} Here, the question is not whether the automatic application of UM/UIM coverage negates any restrictions in the existing policy, but whether the inclusion of UM/UIM coverage turns non-insureds into insureds. Again, the policy includes as insureds "employees" "except with respect to any * * * auto[.]" Therefore, "employees" "with respect to any * * * auto" are not insureds under the policy. While the automatic inclusion of UM/UIM coverage in a policy may, according toScott-Pontzer, determine the nature of such coverage, that inclusion does not determine who is an insured under a policy. Here, employees "with respect to any auto" are not covered under the policy at issue regardless of whether UM/UIM coverage applies. Because "employees" "with respect to any * * * auto" are not insureds under this policy, the decedent is not an insured under this policy, a fact which is not altered by the automatic application of UM/UIM coverage.
 {¶ 11} Simply put, the decedent did not have an insurance policy with — or, in other words, was not an insured of — American Guarantee. The UM/UIM benefits apply to American Guarantee's insureds only.
 IV. {¶ 12} We therefore reverse the trial court's order. We hold that the decedent is not an insured under the policy and that therefore any coverage under the policy does not apply to her. We further hold that the automatic application of UM/UIM coverage does not turn non-insureds into insureds under the policy.
 {¶ 13} Judgment reversed.
This cause is reversed for proceedings consistent with this opinion.
It is, therefore, ordered that said appellants recover of said appellees its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS.
 DIANE KARPINSKI, J., DISSENTS WITH SEPARATE OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] We acknowledge that the court stated that the policy "did not contain an uninsured motorist coverage form that defined insureds for purposes of underinsured motorist coverage." The court, however, made clear at the beginning of its opinion that, "If we find Pontzer was not an insured under the policies, then our inquiry is at an end."Scott-Pontzer at 662. The court finished that part of its analysis: "we conclude that Pontzer, as an employee of [the insured employer], was also an insured under [the employer's] umbrella/excess insurance policy and that said policy includes underinsured motorist coverage, as such coverage is mandated by operation of law." Id. at 665 (emphasis added).